UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                    Case No. 13-cr-20120

v                                    Honorable Thomas L. Ludington

CASSIAL URONE GARNER,

                Defendant.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

On May 27, 2014, Cassial Urone Garner filed a motion to vacate his sentence under 28 U.S.C. § 2255.  Garner asserted four claims for relief in his motion: (1) that he received ineffective assistance of counsel when his attorney failed to inform him of all the consequences of a guilty plea; (2) the search warrant for his residence lacked a "substantial nexus" as required by the Fourth Amendment; (3) he was denied his Sixth Amendment right to counsel during his arraignment hearing; (4) he received ineffective assistance of counsel when his attorney failed to consult with him regarding the advantages and disadvantages of filing a direct appeal; and (5) his Fifth Amendment Due Process rights were violated when he waived his right to an indictment. The Government filed a motion to dismiss on July 14, 2014.  Mot. Dismiss, ECF No. 28.

On August 18, 2014, Garner filed a motion to amend his motion to vacate.  Mot. Amend, ECF No. 30.  In his motion to amend, Garner seeks relief on an additional ground: that his guilty plea was "too important" to be taken by a magistrate judge.  *Id*. at 2.

On October 14, 2014, Magistrate Judge Patricia Morris issued a report and recommendation that Garner's motion to vacate be denied, that Garner's motion to amend be

denied, and that the Government's motion to dismiss be granted. Rep. & Rec., ECF No. 31. On October 27, 2014, Garner filed timely objections to the report and recommendation. *See* Objs., ECF No. 33.

On November 18, 2014, this Court issued an Order Adopting in Part and Rejecting in Part the magistrate's judge report and recommendation. Because Garner's first, second, third, and fifth claims for relief were meritless, Garner's objections were overruled. Moreover, because Garner's proposed amendment would be frivolous, his motion to amend was denied. However, Garner had identified an issue of fact on his fourth claim of relief, and therefore the Court referred the issue to Magistrate Judge Patricia Morris, who appointed counsel to represent Garner.[1]

On December 8,[2] 2014—nineteen days after the Court issued its Order—Garner filed a motion for reconsideration of that Order. Local Rule 7.1(h)(1) provides that a "motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." Garner's motion is untimely because it was not filed within 14 days after entry of this Court's November 18, 2014 Order.

In addition to being untimely, Garner's motion for reconsideration will also be denied because he has not presented a viable argument for relief. Pursuant to Local Rule 7.1(h), motions for reconsideration "are aimed at *re* consideration, not initial consideration." *F.D.I.C.*

---

[1] Garner filed his *pro se* motion for reconsideration after he was appointed counsel. Generally, a criminal defendant does not have a right to hybrid representation, and a court has the discretion to reject *pro se* motions filed by a party represented by counsel *See United States v. Mosely*, 810 F.2d 93, 98 (6th Cir. 1987). Here, however, counsel was appointed for the limited purpose of representing Garner on matter related to his fourth claim of relief. Garner's motion for reconsideration does not concern his fourth claim of relief, and therefore it falls outside counsel's ambit. Accordingly, the Court will consider Garner's *pro se* motion for reconsideration, despite the fact that he is represented by counsel.

[2] Absent evidence to the contrary, a court must assume that a prisoner hands over his pleading to prison officials on the date he signs the pleading. *See, e.g., Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006) ("[W]e treat the petition as filed on the date [the prisoner] signed it."). Accordingly, Garner is deemed to have filed his motion for reconsideration on December 8, 2014—even though it was not received by this Court until December 19, 2014.

*World Universal Inc.*, 978 F.2d 10, 16 (1st Cir. 1992) (emphasis original); E.D. Mich. L.R. 7.1(h).  "Motions for reconsideration do not allow the losing party to repeat arguments previously considered and rejected, *or to raise new legal theories that should have been raised earlier.*"  *Owner-Operator Independent Drivers Assoc. v. Arctic Express, Inc.*, 288 F. Supp. 2d 895, 900 (S.D. Ohio 2003) (internal quotation marks and citations omitted) (emphasis added).

In his motion for reconsideration, Garner argues—for the first time—that "the Court lacked jurisdiction to impose the 10-year minimum sentence" because of defects in the Information.  Specifically, Garner explains that the Information was defective because it "was filed three days after the signing of the plea agreement and failed to properly reference the statute, 21 U.S.C. § 851 or which section of 841(b) it sought to enhance, thereby denying Garner fair notice."  Mot. Recons. 4.  Because this is the first time that Garner has ever presented this argument, it is not a viable argument on his motion for reconsideration.

Garner's motion for reconsideration is untimely and does not identify a palpable defect by which the Court has been misled.  Therefore, his motion for reconsideration will be denied.

Accordingly, it is **ORDERED** that Garner's Motion for Reconsideration (ECF No. 38) is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: December 30, 2014

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic and on Cassial Urone Garner #48072-039, Morgantown Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 1000, Morgantown, WV 26507 by first class U.S. mail on December 30, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS

---

- 3 -