UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CASSIAL URONE GARNER,

        Petitioner,          Case No. 13-cr-20120

v          Honorable Thomas L. Ludington
         Magistrate Judge Patricia T. Morris

UNITED STATES OF AMERICA,

        Respondent.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION IN PART, DENYING PETITIONER'S MOTION TO VACATE, GRANTING RESPONDENT'S MOTION TO DISMISS, AND DENYING A CERTIFICATE OF APPEALABILITY AND PERMISSION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

On February 21, 2013, Petitioner Urone Garner pleaded guilty to possession with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1) & (b)(1)(B)(iii). Plea Agreement, ECF No. 14. He was sentenced to 135 months' imprisonment, and he is currently incarcerated at the Morgantown Federal Correction Institution in West Virginia.

On May 24, 2014, Garner filed a motion to vacate his sentence under 28 U.S.C. § 2255. Mot. Vacate, ECF No. 20. On October 14, 2014, Magistrate Judge Patricia Morris issued a report and recommendation that Garner's motion to vacate be denied. Rep & Rec., ECF No. 31. Garner filed timely objections to the report. *See* Objs., ECF No. 33.

On November 18, 2014, this Court adopted in part and rejected in part the Magistrate Judge's report.[1] ECF No. 35. Because Garner had raised an issue of fact regarding whether he received ineffective assistance when trial counsel failed to consult him about an appeal, this

---

[1] The Court adopted the Magistrate Judge's report to the extent it recommended denying Garner's other claims for relief.

Court referred the issue to the Magistrate Judge for an evidentiary hearing. Garner was also appointed counsel for the evidentiary hearing.

# I

After conducting an evidentiary hearing, the Magistrate Judge issued a report recommending that Garner's ineffective assistance of counsel claim be denied. Based on Garner's testimony, the Magistrate Judge concluded that "Garner did not reasonably demonstrate an interest in appealing," and therefore his trial counsel was not ineffective for discussing a possible appeal. Rep. & Rec. 11, ECF No. 40.

On February 23, 2015, the Government filed two objections to the Magistrate Judge's report, both of which concern factual errors. First, the Government notes that the plea agreement stated that Garner would be found accountable for the drugs in his car, in his home, and on his person, but would not be held responsible for any additional drugs he admitted to selling over a period of four years in Saginaw. Second, the Government clarifies that Garner received two additional benefits for accepting the plea agreement: (1) he was not charged with felon in possession of a firearm, and (2) he was not charged with possession of a firearm in furtherance of a drug trafficking crime. Aside from these two factual corrections, the Government requests that this Court adopt the findings of the report. The Government's objections will be sustained.

Although Magistrate Judge Morris's report explicitly stated that the parties to this action may object to and seek review of the recommendation within fourteen days of service of the report, Garner did not file any objections. The election not to file objections to the Magistrate Judge's report releases the Court from its duty to independently review the record. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). The failure to file objections to the report and recommendation waives any further right to appeal.

- 3 -

**II**

Before Garner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Having considered the matter, the Court concludes that Garner has not made a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Garner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**III**

Accordingly, it is **ORDERED** that Respondent's Objections (ECF No. 42) are **SUSTAINED**.

- 4 -

It is further **ORDERED** that the magistrate judge's report and recommendation (ECF No. 40) is **ADOPTED IN PART AND REJECTED IN PART**.

It is further **ORDERED** that Petitioner's Motion to Vacate (ECF No. 20) is **DENIED**.

It is further **ORDERED** that Respondent's Motion to Dismiss (ECF No. 28) is **GRANTED**.

It is further **ORDERED** that a certificate of appealability and permission to proceed *in forma pauperis* on appeal is **DENIED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: March 4, 2015

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means on March 4, 2015.

s/Suzanne M. Gammon  
SUZANNE M. GAMMON