UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                                Case No. 13-20120

                                                Honorable Thomas L. Ludington

CASSIAL URONE GARNER,

        Defendant.

_____/

**ORDER DENYING WITH PREJUDICE MOTION FOR COMPASSIONATE RELEASE**

Defendant Cassial Urone Garner pled guilty to possession with intent to distribute 28 grams or more of cocaine base on February 21, 2013. ECF Nos. 13, 15, 18. On May 30, 2013, he was sentenced to 135 months imprisonment. ECF No. 19. Defendant's § 2255 motion was denied on March 4, 2015. ECF No. 44. On December 3, 2015, Defendant's motion under 18 U.S.C. § 3582(c)(2) "for a reduction in the term of imprisonment imposed based on a guidelines sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission" was granted and his sentence was reduced to 120 months. ECF No. 49.

On June 10, 2020, Defendant filed an emergency motion for sentence reduction. ECF No. 51. He sought compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) because of COVID-19. *Id.* Defendant argued that "Based upon the threat of COVID-19 alone, the Court should grant this Motion and relief sought." *Id.* Defendant provides that he has served 80% of his sentence, resides at the Federal Prison Camp in Duluth, Minnesota, and has been approved to move to a half-way house in September 2020. *Id.* at PageID.328. Defendant also explains that he has high blood pressure and "other cardiac heart related medical conditions" leading to a higher risk of "contacting [sic] COVID-19 if left incarcerated." *Id.* at PageID.329.

For the following reasons, his motion will be denied with prejudice.

## I.

Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. §3582(c)(1)(A) which

provides:

> The court may not modify a term of imprisonment once it has been imposed
> except…upon motion of the Director of the Bureau of Prisons, or upon motion of
> the defendant after the defendant has fully exhausted all administrative rights to
> appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf
> or the lapse of 30 days from the receipt of such a request by the warden of the
> defendant's facility, whichever is earlier, may reduce the term of imprisonment…
> after considering the factors set forth in section 3553(a) to the extent that they are
> applicable, if it finds that…extraordinary and compelling reasons warrant such a
> reduction…and that such a reduction is consistent with applicable policy statements
> issued by the Sentencing Commission

18 U.S.C. §3582(c)(1)(A).

The statute provides three inquiries that must be addressed in resolving Defendant's motion

for compassionate release. First, whether Defendant fully exhausted his administrative remedies

with the BOP. Second, whether a sentence reduction is warranted in consideration of the factors

set forth in 18 U.S.C. §3553. Finally, whether "extraordinary and compelling reasons warrant such

a reduction" and whether the reduction is consistent with the applicable Sentencing Commission

policy statements. Each inquiry will be addressed in turn.

## A.

As explained in the statute, before a court may consider an inmate's request for a reduced

sentence under 18 U.S.C. § 3582, the inmate must first exhaust their administrative remedies with

the Bureau of Prisons ("BOP") or wait 30 days after making such a request. The Sixth Circuit has

explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave
> inmates an option to seek early release on health grounds. The seriousness of
> COVID-19 and its spread in many prisons make it all the more imperative that the

prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at \*4 (6th Cir. June 2, 2020).

Defendant provided a copy of a memorandum from the Warden explaining that his request for a reduction in sentence due to concerns about COVID-19 was denied. ECF No. 51 at PageID.331. He meets the first requirement.

**B.**

The next consideration is whether the sentence reduction is warranted under the factors of 18 U.S.C. §3553(a). They are as follows:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…

(5) any pertinent policy statement…

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. §3553(a).

Defendant's underlying offense is for possession with intent to distribute cocaine base. ECF No. 44. Drug-related offenses are serious. Defendant has served 80% of his 120-month sentence. This was not his first drug-related offense. According to his Presentence Investigation Report, he had a prior offense for delivery of cocaine in 1994, possession of narcotics in 2004, possession in 2005, and possession in 2009. In his PSR, it was reported that Defendant believes he suffers from an extreme drug addiction.

A consideration of the §3553 factors indicates that Defendant is not entitled to a sentence reduction.

## C.

The next inquiry to be resolved in addressing Defendant's motion for compassionate release is whether "extraordinary and compelling reasons warrant such a reduction" and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission promulgates the United State Sentencing Guidelines ("U.S.S.G."). The applicable policy statement is found in U.S.S.G. § 1B1.13 which provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment…if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
> > (1)(A) Extraordinary and compelling reasons warrant the reduction;…
> >
> > (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> >
> > (3) The reduction is consistent with this policy statement.

U.S.S.G. 1B1.13. Defendant's situation does not present extraordinary and compelling reasons for a sentence reduction. Additionally, he has not demonstrated that he is not a danger to the safety of others.

**1.**

The commentary of the policy statement provides additional guidance about which circumstances qualify as having extraordinary and compelling reasons. It provides in relevant part:

[E]xtraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.--

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is--

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.--

(i)     The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other

> than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13.

Defendant argues that the spread of COVID-19 throughout the nation qualifies as a compelling and extraordinary circumstance. ECF No. 51. However, Defendant does not explain how his argument fits within U.S.S.G. § 1B1.13. Though COVID-19 could be considered compelling and extraordinary in the context of a public health situation, Defendant has not explained how COVID-19 is compelling and extraordinary in the context of specific parameters of U.S.S.G. § 1B1.13.

Defendant's situation does not qualify as "compelling and extraordinary" under subsection (A) of the policy statement commentary. He provides that he has high blood pressure and unspecified "other cardiac heart related medical conditions." ECF No. 51 at PageID.329. However, he does not represent that his health problems are terminal illnesses. He only seeks relief based on the possibility of contracting COVID-19. Nor does he allege that he suffers from a serious physical or medical condition or a serious functional or cognitive impairment that prevents him from providing self-care. He identifies COVID-19 as a health threat, but the U.S.S.G. policy statement does not provide relief based on potential health risks. Instead, a defendant must have an actual medical condition or a terminal illness.

Defendant's situation does not qualify as "compelling and extraordinary" under subsection (B) of the policy statement commentary because he is 50 years old. Additionally, he does not qualify under subsection (C) because he is not seeking release in order to care for a spouse or child.

Defendant has not demonstrated that "compelling and extraordinary" circumstances exist meriting his compassionate release.

**2.**

The policy statement further directs the Court to consider the factors in 18 U.S.C. § 3142

in determining whether the defendant would not be a danger to others or the community. The §

3142 factors are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release…

18 U.S.C.A. § 3142.

Consideration of the above factors support the conclusion that Defendant would be a

danger to others and the community if released. According to his Presentence Investigation Report,

he has a lengthy history of criminal drug offenses, multiple non-compliance judgments due to

failing to appear, one operating under the influence, and operating a vehicle with a suspended

license. Defendant should be congratulated for completing Resident Drug treatment, NRES Drug

TMT, and Drug Education Complete, as well as a lengthy list of skills courses during his

incarceration. However, due to his repeated criminal offenses, Defendant could be a danger to

others and the community if he were released prior to BOP's timeline.

**II.**

Accordingly, Garner's Motion for Compassionate Release, ECF No. 51, is **DENIED WITH PREJUDICE**.

Dated: August 13, 2020

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to Cassial Urone Garner #48072-039, FPC DULUTH, FEDERAL PRISON CAMP, P.O. BOX 1000, DULUTH, MN  55814 by first class U.S. mail on August 13, 2020.

s/Kelly Winslow
KELLY WINSLOW, Case Manager